**METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY**

v.

**Steven CROWLEY and Merrill Transport Company.**

Supreme Judicial Court of Maine.

Argued March 5, 1987.

Decided March 25, 1987.

Herbert H. Bennett & Associates, P.A., Lawrence C. Winger (orally), Portland, for Merrill Transport.

Joseph Connellan, Gray, for Crowley.

Hewes, Douglas, Whiting & Quinn, Martica S. Douglas, Portland, for plaintiff.

Before NICHOLS, ROBERTS, WATHEN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Defendant Merrill Transport Company appeals from a decision of the Superior Court (Lincoln County) ruling that plaintiff Metropolitan Property and Liability Insurance Company has no obligation to provide insurance coverage to Steven Crowley for the property damage claim of Merrill Transport Company. The Superior Court issued its order following a jury determination that defendant Steven Crowley was emancipated from his father, and was not included as an additional insured under an automobile liability policy issued to the father by plaintiff. On appeal, defendant contends that the Superior Court erroneously instructed the jury on the issue of emancipation. We find no error and deny the appeal.

The relevant facts may be summarized as follows: In February 1983, Steven Crowley was driving a vehicle owned by Linda Becker when he collided with a tractor-trailer truck owned by defendant Mer-

rill Transport Company. Although Steven was 17 years old at the time of the accident, he was not residing at home with his father. The evidence suggests that Steven repeatedly ran away from home but always returned until his final departure in January 1983. Despite requests by his father to return home, Steven refused. On one occasion he discussed the possibility of an emancipation petition with his father. In late January 1983, Steven moved into the home of his girlfriend and her mother. He never returned to his father's house for more than a brief visit, and never stayed overnight. After his final departure, Steven received no money from his father. All of Steven's bills were given to him for payment. At some point after leaving home, Steven asked his father to sign papers allowing him to enter the Army. The elder Crowley refused; he believed Steven was on his own and was solely responsible for his actions.

After the accident in question, plaintiff instituted a declaratory judgment action to determine its obligations under the automobile policy issued to Steven's father. The policy extended coverage to some of the named insured's relatives while operating non-owned vehicles, and defined "relative" as follows:

> A person related to the named insured by blood, marriage or adoption, who is a resident of the same household, provided neither such person nor the spouse of such person owns a private passenger automobile. The named insured's unmarried and unemancipated children, while away from the household attending school or for active military service are deemed to be residents of the household.

Plaintiff contends that this clause does not include Steven because he was emancipated at the time of the accident. Defendant contends Steven was not emancipated. This was the sole issue presented to the jury. Before retiring to deliberate, the jury was instructed as follows:

> The issue here is whether on February 17, 1983, Steven Crowley was emancipated from his father's home. To demonstrate emancipation the plaintiff, Metropolitan Property and Liability Insurance Company, must prove by a preponderance of the evidence that on that date Steven Crowley, one, was not living in his father's household; two, was not subject to his father's direction and control; and, three, the father had no plan or intent to move the child back into the father's household or to again subject the child to the direction and control of the father.

On appeal, defendant contends that the jury instructions contained an improper definition of emancipated. This contention is without merit. Emancipation has long been interpreted as the release of the child from the care, custody, and control of his parents. *Carthage v. Canton*, 97 Me. 473, 54 A. 1104 (1903). We find no reason to depart from the common understanding of the term emancipated and conclude that the instructions given by the Superior Court were proper.

The entry must be:

Judgment affirmed.

All concurring.